**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Amin S. Rasheed,<br><br>                      *Debtor.* | Case No. 23-12138-djb<br>Chapter 13 |

**Debtor's Objection to Claim No. 8 of the Kodiak Funding LLC**

Debtor Amin S. Rasheed, through his attorney, files this objection under 11 U.S.C. § 502, Fed. R. Bankr. P. 3007, and L.B.R. 3007-1 to Claim No. 8 filed by Claimant Kodiak Funding LLC. In support thereof, the Debtor states as follows:

1. The Debtor filed this case under Chapter 13 on July 19, 2023.

2. The Claimant filed Proof of Claim No. 8-1 on August 18, 2023, asserting a secured claim based on a promissory note and security agreement dated July 20, 2021. A copy of the claim is attached hereto as Exhibit A.

3. The Claimant relies on a UCC-1 financing statement filed in Delaware on April 25, 2019, to perfect its alleged security interest. At the time of that filing, the Debtor's principal residence was in Delaware.

4. On or about October 28, 2021, the Debtor changed his principal residence from Delaware to Pennsylvania.

5. Under Uniform Commercial Code § 9-316(a)(2), when a debtor relocates to a new jurisdiction, a security interest perfected in the original jurisdiction remains perfected for only four months unless a new financing statement is filed in the new jurisdiction before that period expires.

6. The Claimant failed to file a substitute financing statement in Pennsylvania within four months of the Debtor's relocation. As a result, the security interest became unperfected by operation of law on or about February 28, 2022.

7. A search of the Pennsylvania Department of State's UCC records confirms that no financing statement naming the Debtor and the Claimant was filed before or after that date. A copy of the UCC search results is attached hereto as Exhibit B.

8. Under UCC § 9-316(b), a security interest that lapses due to failure to refile is deemed never to have been perfected against a purchaser of the collateral.

9. A security interest that is unperfected as of the petition date is avoidable by the Debtor and unenforceable against the estate under 11 U.S.C. § 544(a).

10. Accordingly, the Claimant's lien is unperfected, avoidable, and the claim must be reclassified as unsecured in its entirety.

For those reasons, the Court must enter relief in the form of order attached, and further in the Debtor's favor if necessary and proper under the law.

Date: July 9, 2025                                      SADEK LAW OFFICES, LLC
                                                        *Attorney for Debtor*

                                                        By: _____
                                                        Michael I. Assad
                                                        1500 JFK Boulevard, Suite 220
                                                        Philadelphia, PA 19102
                                                        215-545-0008
                                                        michael@sadeklaw.com