# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Amin S Rasheed, | : | |
| | : | Case No.  23-12138 (DJB) |
| Debtor. | : | |
| | : | |

## O R D E R

**AND NOW,** upon consideration of the Debtor's Objection to Claim No. 8 of Kodiak Funding LLC [Dkt. No. 84];

**AND** a hearing having been held on the matter on August 14, 2025;

The Debtor's Objection is hereby **OVERRULED** on procedural grounds **without prejudice**.*

Date: January 9, 2026

_____
**DEREK J. BAKER**
**U.S. BANKRUPTCY JUDGE**

***ENDNOTE**

Fed. R. Bankr. P 3007(a)(2) requires that a claim objection be served by mail on "the person the claim holder most recently designated to receive notices on the claim holder's original or latest amended proof of claim, at the address so indicated."  Here, the Debtor served the claimant with the notice of objection at an address which was listed on the signature page of the proof of claim rather than the address that was identified on Box 3 of the Claim.  [see Dkt. No. 84 Ex. A; Dkt. No. 86].  Whether this service sufficiently satisfies Fed. R. Bankr. P. 3007(a)(2) is a matter that raises some academic questions; however, the substantive relief requested eliminates these questions.

Fed. R. Bankr. P. 3007(b) specifically provides that a party in interest must not include a demand for a type of relief specified in Fed. R. Bankr. P. 7001 as part of the claim objection.  Here, the gravamen of the Claim Objection is that the creditor did not properly perfect the security interest asserted in the proof of claim.  UCC §§ 9-301(1), 9-316(a)(2).  Moreover, in the uncross-examined, unopposed testimony provided at the hearing, the Debtor suggested he did not have "rights" in any collateral asserted in the proof of claim upon which a security interest could potentially attach.  See UCC § 9-203(a) & (b)(2); (8/14/25 Tr. at 1:02:15-1:05:33.)

The Debtor specifically confirmed that the purpose of the Claim Objection was to reclassify the claim from a "secured" claim to an "unsecured" claim.  (8/14/25 Tr. at 58:27-59:00.)   Those issues—to determine validity, priority and extent of a lien—must be pursued via adversary proceeding pursuant to Fed. R. Bankr P. 7001(b).  Because the relief requested in the Claim Objection seeks relief otherwise required by Part VII of the Federal Rules of Bankruptcy Procedure, the Court cannot grant the relief sought through the claims objection process.

However, overruling the Claim Objection on procedural grounds does not leave the Debtor without appropriate recourse.  As outlined at the Hearing, the Debtor is in the process of filing an amended chapter 13 plan. (see 8/14/25 Tr. at 49:47-50:26, 50:55-58:36.)

11 U.S.C. § 1325(a)(5) and Box 4(c) of L.B.F. 3015.1 specifically provide a means through which the Debtor can seek to modify the creditor's alleged secured claim through the plan confirmation process.  Provided that appropriate service is undertaken in accordance with Fed. R. Bankr. P. 7004(b)(3)—and including, as appropriate, notice to the address of the claimant as identified on the proof of claim—the Debtor may elect to proceed via an amended plan or seek to commence an adversary proceeding pursuant to Part VII of the Federal Rules of Bankruptcy Procedure.